UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYRONE L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01465-JPH-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| DELANA RITCHIE, | ) | |
| SAVINO, | ) | |
| TAMERA SMITH, | ) | |
| LINDA STEWART, | ) | |
| STAFFORD, | ) | |
| GALE, | ) | |
| DAN WIDDIE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Tyrone L. Jones is currently an inmate at the Correctional Industrial Facility in Pendleton, Indiana. He filed a motion for temporary restraining order which was treated as a complaint and a new civil action was opened. Rule 3 of the Federal Rules of Civil Procedure states: "A civil action is commenced by filing a complaint with the court." Filing a complaint is the only way to commence a civil action in federal court. *See In re Allied Signal Corp.*, 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a complaint rather than a motion"). On June 3, 2020, Mr. Jones notified the Court that he did not intend to file a complaint "although it is a 'complaint' in essence." Dkt 9 at p. 2. The Court therefore treats Mr. Jones's motion as a complaint so this action may proceed. If Mr. Jones does not wish for the Court to treat his motion as a complaint, he must file a motion to

dismiss and this action will be closed. The Court will not consider Mr. Jones' request for a temporary restraining order absent if this action is closed.

## I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

In addition, the Court relies on solely on the complaint, dkt. 1, and not any attached exhibits in screening the complaint. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that the attachments to the complaint can be "stricken without bothering to read."). There is no reference to these exhibits in the complaint and they appear to be nothing more than evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

In addition, the plaintiff's emergency request for judicial notice, dkt [9], is **DENIED.** With respect to the issue of judicial notice, adjudicative facts may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, the 31-page request filed by the plaintiff does not fall within the scope of Rule 201 at this time. "'Judicial notice is a powerful tool that must be used with caution.'" *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) (quoting *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016)). It is for this reason that the contents of the plaintiff's request, dkt [9], are not further considered in screening the complaint.

## II. The Complaint

The complaint seeks injunctive relief. Specifically, the plaintiff wants to be assigned to a bottom bunk. He alleges that he is being forced to sleep on a top bunk even though the defendants know that he has medically diagnosed somnambulism and is prone to sleep walking. He alleges that he has fallen off the top bunk before and believes that he will fall off again and suffer significant injury or death. The plaintiff states that these conditions of confinement violate his Eighth Amendment rights.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed.

First, the claim for prospective injunctive relief against Warden Wendy Knight in her official capacity **shall proceed** as submitted. *See Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) ("A court applying the *Ex parte Young* doctrine now need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotations omitted).

Second, the claims against the Deputy Warden Delana Ritchie, Dr. Savino, Nurse Tamera Smith, Ms. Linda Stewart, Mr. Stafford, Dr. Gale, and Sgt. Danwiddie are **dismissed** because those claims are unnecessarily duplicative. An official capacity claim for injunctive relief against the defendant individuals as employees of the Indiana Department of Correction is in essence a claim against the State of Indiana. Under these circumstances the full scope of relief is available through the Warden in her official capacity. There is no reason to add unnecessary complexity to this straightforward claim for a bottom bunk assignment.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, dkt 1, but not identified by the Court, he shall have **through July 20, 2020,** in which to identify those claims.

The **clerk is directed** to terminate Deputy Warden Delana Ritchie, Dr. Savino, Nurse Tamera Smith, Ms. Linda Stewart, Mr. Stafford, Dr. Gale, and Sgt. Danwiddie as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Warden Wendy Knight, in her official capacity, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 20, 2020, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

**SO ORDERED.**

Date: 6/22/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

5

Distribution:

TYRONE L. JONES
129441
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Warden Wendy Knight
      (At Correctional Industrial Facility)