UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01465-JPH-TAB |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion to Amend Complaint,
Denying Motion for Temporary Restraining Order,
and Granting Request for Copies**

**I.**

Plaintiff Tyrone Jones's motion to amend, dkt [35], is **granted.** The **clerk is directed** to re-docket pages 2-5 of the motion to amend as the amended complaint. The amended complaint is now subject to review consistent with 28 U.S.C. § 1915A.

**II.**

The plaintiff has requested preliminary injunctive relief requiring the defendant to provide him with a bottom bunk pass. In his Complaint, the plaintiff asserts that he has been forced to sleep on a top bunk, despite his sleepwalking condition and the dangers it poses. Dkt. 1 at 1. The plaintiff's emergency motion for injunctive relief seeks placement on a bottom bunk. Dkt. 15. In response, the defendant provided evidence that on July 16, 2020, the plaintiff was moved to a lower bunk, where he remains as of this date. Dkt. 27 at p. 5. In reply, the plaintiff argues that although he now has a bottom bunk pass, what he really wants is a medical bottom bunk pass and that he fears without the medical bottom bunk pass that he could be relocated at any time.

1

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

Given the plaintiff's current placement on a bottom bunk, the plaintiff's request for preliminary injunctive relief, dkt [15], is **denied.** He cannot show that he will suffer irreparable harm in the period prior to final resolution of his claims given his current placement. A determination of whether the plaintiff's is entitled to a Medical Bottom Bunk pass under the Eighth Amendment can be resolved along with the merits of the case.

Consistent with this ruling, the plaintiff's requests to stay consideration of his request for a preliminary injunction, dkts [31] and [32], are **denied.** Similarly, the plaintiff's request to dismiss the defendant's response in opposition to the motion for temporary restraining order, dkt [36], is summarily denied. It was appropriate for the defendant to respond to the pending motion.

### III.

The plaintiff's motion for clarification regarding service of documents, dkt [30], has been considered. The plaintiff asks if there is anything he can do to make sure that this action proceeds more smoothly. The plaintiff is advised that he should only file motions and requests in one case at a time. This means only one case number should appear at the top of his filings. Filings made in this case should not include issues or concerns that are proceeding in another case. In addition, Local Rule 7-1 states that motions must be filed separately. This means that only one request for court action should appear in a single filing. Finally, only one copy of each filing should be submitted to the Court. Filing multiple requests for the same relief is not a good use of judicial resources. Following this guidance will assist in the efficient review of the record.

The motion for clarification, dkt [30], is **granted** to the extent that the plaintiff is notified that defense counsel did include a certificate of service on their filings that reflects a copy of the filing was mailed to him. Because the plaintiff reportedly did not receive the defendant's filings, the **clerk is directed** to include a copy of docket numbers [21], [22], [23], [25], [27] and [33], along with plaintiff's copy this Order.

In summary, the plaintiff's motions at docket numbers [15], [30], [31], [32], and [36] are denied. The motion to amend, dkt [35], is **granted.**

**SO ORDERED.**

Date: 10/30/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYRONE L. JONES
129441
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Sarah Jean Shores
INDIANA OFFICE OF THE ATTORNEY GENERAL
sarah.shores@atg.in.gov